UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT BAHAMUNDI,

                Plaintiff,

-against-

ALEXANDRE ZAPLETHAL; DANIEL McGINN; P.O. HENRY,

                Defendants.

25-CV-412 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his federal constitutional rights. By Order dated February 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff names three Defendants in his complaint: (1) Alexandre Zaplethal, (2) Daniel McGinn, and (3) P.O. Henry.[1]  (ECF No. 1.)  Plaintiff identifies the three Defendants as "Public Servant[s]."  (*Id.* at 4.)  Plaintiff alleges that on June 2, 2024, in Scarsdale, New York, Defendants violated his rights under the Fourth Amendment to the United States Constitution; 42 U.S.C. §§ 1985, 1986; and 18 U.S.C. §§ 241, 242, for which he seeks $250,000 in damages.  (*Id.* at 2, 6.)  Plaintiff does not include any facts in the complaint about the events giving rise to this action.  In the fact section of the complaint, Plaintiff refers to "attached documents," *id.* at 5, which are dark xeroxed copies of photographs, and it is not clear what they show.  (*Id.* at 8-9.)

## DISCUSSION

**A.      Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

Plaintiff does not plead any facts in the complaint about what Defendants did to violate his rights. Plaintiff's allegations therefore do not comply with Rule 8, because he does not provide a short and plain statement giving Defendants fair notice of the claims he is asserting and the grounds on which they rest. *See* Fed. R. Civ. P. 8(a)(2).

**B.     Constitutional Claims**

    **1.     42 U.S.C. § 1983**

Plaintiff appears to assert that Defendants violated his federal constitutional rights under 42 U.S.C. § 1983. To state a claim under Section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff does not allege that Defendants are state actors or that their conduct can be attributed to the state. Plaintiff appears to assert that Defendants unlawfully harmed him, but does not describe facts about what occurred or how Defendants allegedly violated his rights. Because Plaintiff has not articulated a viable legal claim under Section 1983, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2.    42 U.S.C. § 1985**

Plaintiff lists 42 U.S.C. § 1985 as one basis for federal question jurisdiction. (ECF No. 1 at 2.) The Court construes Plaintiff's complaint as asserting a conspiracy claim under 42 U.S.C. § 1985(3). To state such a claim, a plaintiff must allege facts suggesting the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted).

Vague and unsupported assertions of conspiracy under Section 1985 do not suffice to state a claim on which relief can be granted. *See, e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (citation omitted).

Plaintiff does not make any allegations of conspiracy or collusion between any of the Defendants. Plaintiff does not provide any facts explaining the relationship, if any, between the Defendants, or any facts detailing how the Defendants, alone or in conspiracy, violated his rights. The Court therefore dismisses Plaintiff's claims of conspiracy under Section 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. 42 U.S.C. § 1986

Plaintiff also lists 42 U.S.C. § 1986 as a basis for federal question jurisdiction. (ECF No. 1 at 2.) Section 1986 provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam) (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Therefore, a Section 1986 claim requires a valid Section 1985 claim. *Mian*, 7 F.3d at 1088. (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978).

The Second Circuit has emphasized that an essential element of a Section 1985(3) and related Section 1986 cause of action is a requirement that the alleged discrimination took place because of the individual's race. *Mian*, 7 F.3d at 1088. Otherwise, there must be "class-based, invidiously discriminatory animus" underlying Defendants' actions. *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). Plaintiff's complaint offers only conclusory allegations that Plaintiff was discriminated against because of Plaintiff's race. As discussed above, Plaintiff has failed to state a valid conspiracy claim under Section 1985, a mandatory predicate for a claim under Section 1986. The Court therefore dismisses Plaintiff's claims under Section 1986 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Prosecuting Criminal Claims

Plaintiff also appears to seek the criminal prosecution of Defendants, referencing two federal criminal statutes in his complaint—18 U.S.C. § 241 and 18 U.S.C. § 242. However, neither Plaintiff nor the Court can initiate the prosecution of an individual, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83,

87 (1981) (per curiam).  Moreover, prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court."  *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).  Plaintiff can report criminal activity to law enforcement authorities, who then have discretion in determining whether to prosecute.  Accordingly, the Court dismisses Plaintiff's claims arising under federal criminal statutes for failure to state a claim on which relief may be granted.  *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because of Plaintiff's *pro se* status, and out of an abundance of caution, the Court grants Plaintiff 30 days' leave to replead to provide facts to support his Section 1985 and Section 1986 claims.

If Plaintiff does not replead within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   September 8, 2025
         New York, New York

                                        /s/ Kimba M. Wood
                                        KIMBA M. WOOD
                                        United States District Judge